# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| EZRA MITCHELL | CIVIL ACTION NO. 06-0638 |
| VS. | SECTION P |
| TERRY TERRELL, WARDEN | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus (28 U.S.C. §2254) filed on April 12, 2006 by pro se petitioner Ezra Mitchell. Petitioner is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Corrections Center, Kinder, Louisiana where he is serving the thirty year sentence imposed following his 1994 armed robbery conviction in the Fifteenth Judicial District Court, Lafayette, Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred by the provisions of 28 U.S.C. §2244(d).

## *Background*

Petitioner was convicted of armed robbery in the Fifteenth Judicial District Court, Lafayette Parish, on June 14, 1994. He was sentenced to serve thirty years at hard labor. [doc. 1-1, paragraph 3] Petitioner appealed his conviction to the Third Circuit Court of Appeals. [*id.*, paragraph 6] His conviction and sentence were affirmed in an unpublished opinion. See *State of*

*Louisiana v. Ezra George Mitchell, a/k/a Ezra Mitchell*, 95-00470 (La. App. 3 Cir. 12/6/1995), 664 So.2d 866 (Table). His subsequent writ application to the Louisiana Supreme Court was denied on October 10, 1997. *State of Louisiana v. Ezra George Mitchell*, 96-0019 (La. 10/10/97), 703 So.2d 593.

On July 11, 2005 petitioner filed a "Motion to Correct Illegal Sentence" in the Fifteenth Judicial District Court raising the same grounds raised in the instant petition, namely: "(1) Sentencing court erred by sentencing petitioner by using guidelines which do not exist; and, (2) Sentencing court interjected petitioner's race as a deciding factor in his sentence." [doc. 1-1, paragraph 5, paragraph 7(b)(i), (ii), (iii), and (iv)] Petitioner's motion was denied on July 21, 2005. [doc. 1-1, paragraph 7(b)(vi)] He sought writs in the Third Circuit Court of Appeals but that court denied relief on March 3, 2006. [doc. 1-1, paragraph 7(b)(ix)] Petitioner did not seek further review in Louisiana's Supreme Court. [*id.*]

Petitioner's federal habeas corpus petition was received and filed on April 12, 2006. Petitioner raises the same claims raised in his Motion to Correct an Illegal Sentence.

### *Law and Analysis*

1. Limitations

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, citing *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). Any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Federal courts have interpreted § 2244(d)(1)(A) to provide that the state court judgment is not final for *habeas* purposes until the 90-day period for filing a *writ of certiorari* to the United States Supreme Court has run (see Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999)). Thus, petitioner's judgment of conviction and sentence became final for AEDPA purposes ninety days after the Louisiana Supreme Court rejected his writ application on direct review. According to the pleadings and the published jurisprudence, petitioner's application for

---

[1] Nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review; nothing in the record suggests that the factual predicate of the claims presented was only recently discovered; and nothing suggests that state created impediments prevented the timely filing of this suit. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

writs was denied on October 10, 1997. See *State of Louisiana v. Ezra George Mitchell*, 96-0019 (La. 10/10/97), 703 So.2d 593. By his own admission, petitioner did not thereafter seek writs in the United States Supreme Court. [Doc. 1-1, paragraph 6(d)] Therefore, for AEDPA purposes, petitioner's AEDPA limitations period commenced on January 10, 1998 which is ninety days after October 10, 1997. Petitioner had one year, or until January 10, 1999 to file his federal *habeas corpus* petition.

Petitioner cannot rely upon the statutory tolling provisions of § 2244(d)(2) because by the time he filed Motion to Correct an Illegal Sentence in July 2005, the limitations period had already long expired and could not be revived by the filing of the state post-conviction pleading. See *Villegas*, 184 F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).

Petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting the application of the equitable tolling doctrine. See *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); see also *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g* granted in part, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).

The circumstances of the instant case are not extraordinary enough to qualify for equitable tolling under § 2244(d)(1). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402 (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996). A "garden variety claim of excusable neglect" does not support equitable tolling. *Id.* Moreover, even attorney error or neglect is not such an

extraordinary circumstance so as to justify the application of equitable tolling. *Cousin v. Lensing*, 310 F.3d 843, 847-48 (5th Cir. 2002). This is so even in cases where a petitioner is harmed by the actions or inactions of his counsel. *Id.*

Equitable tolling should only be applied if the applicant diligently pursues § 2254 relief. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir.2000); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000); *Coleman v. Thompson*, 184 F.3d 398, 403 (1999), *cert. denied* 120 S.Ct. 2564 (2000). In this case, petitioner was hardly diligent.

In short, petitioner's petition for writ of *habeas corpus* is barred by the provisions of §2244(d)(1)(A) and dismissal on that basis is appropriate.

## 2. Exhaustion

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding is well established both by statute (see 28 U.S.C. § 2254(b)(1)(A)) and by the jurisprudence (see also, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983)).

*Habeas corpus* relief is available to a person who is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. However, the right to pursue *habeas* relief in federal court is qualified. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has <u>fully</u> exhausted all available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity by providing state courts with the first opportunity to pass upon and correct alleged constitutional violations. *Picard v.*

*Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997).

In order to satisfy the exhaustion requirement, a petitioner's *habeas corpus* claims must have been presented to the state's highest court, even when review by that court is discretionary. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir. 1985); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 1732-33, 144 L.Ed.2d 1 (1999). In Louisiana, the highest court is the Louisiana Supreme Court.

In this case, the record clearly reflects that petitioner has failed to exhaust state court remedies by presenting his federal *habeas corpus* claims in a procedurally proper manner to the Louisiana Supreme Court. Petitioner's *habeas corpus* claims are identical to those claims raised in his July 2005 Motion to Correct an Illegal Sentence. These claims were rejected by the Fifteenth Judicial District Court and by the Third Circuit Court of Appeals. However, by his own admission, petitioner did not seek review of these claims in the Louisiana Supreme Court.

This petition is, in the alternative, subject to dismissal due to petitioner's failure to exhaust state court remedies. Nevertheless, dismissal on the basis of timeliness is recommended.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d) and he is not eligible for the benefits of equitable tolling.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have ten (10) business days from service of this Report and

Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

Signed at Lafayette, Louisiana, on June 8, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)